### MARY A. McCLELLAND v. L. D. SWEEZY'S ADM'R.

**Suit on Judgment—Sufficiency of Petition.**
> A petition on a judgment, to be good, must aver that the judgment or some part of it remains unpaid.

**Fraud.**
> Where the note on which a judgment is rendered was fraudulent, and the appellant is a party to it, he cannot set up the fraud to resist an action in equity to enforce satisfaction of the judgment.

**Party Not a Party to Judgment.**
> One not a party to a judgment is not estopped by it to set up and rely on the fraud which originally infected the note upon which judgment was entered.

#### APPEAL FROM MONROE CIRCUIT COURT.

October 19, 1877.

OPINION BY JUDGE COFER:

There are two distinct grounds, upon either of which the judgment must be affirmed:

1. It is not alleged that the judgment in favor of the appellant against L. D. Sweezy, or any part of it, remains unpaid. Such an allegation was clearly necessary to a complete cause of action.

2. The note on which the judgment was rendered was fraudulent, and made to hinder and delay the creditors of Sweezy, and the appellant was a party to the fraud. As far as L. D. Sweezy is concerned the fraud may be so far purged from the transaction by the judgment at law on the note that he could not set it up to resist an action in equity to enforce satisfaction of the judgment. But Mrs. Sweezy was not a party to that judgment, and is in no way estopped by it to set up and rely on the fraud which originally infected the note. As to her the appellant is not a creditor within the meaning of the statute against fraudulent conveyances, because the appellant is not a creditor within the meaning of that statute.

If it be conceded that the conveyance to Martin in trust for Mrs. Sweezy was fraudulent, the appellant and appellee occupy precisely the same ground, and as between parties equally tainted with fraud the chancellor will not interfere. He will leave them where he found them, and that one having the legal advantage will be permitted to retain it. Mrs. Sweezy has that advantage at least, and the court did not err in refusing to disturb her at the instance of one having no more claim than she had to the favorable consideration of the chancellor. Judgment *affirmed*.

*W. A. Bullock, D. R. Carroll, J. W. Bullock, for appellant.*
*G. W. Craddock, for appellee.*